## FAIRBANKS *v.* STATE.

### Opinion delivered October 2, 1922.

1.  CRIMINAL LAW—MOTION TO QUASH INDICTMENT—CONCLUSIVENESS OF FINDING.—Where, on motion to quash the indictment on the ground of collusion between the prosecuting attorney, clerk and sheriff to omit calling the names of two grand jurors and substitute in their place bystanders suggested by the prosecuting attorney, the evidence was conflicting, the finding of the trial court is conclusive on appeal.

2. GRAND JURY—SUMMONING BYSTANDERS.—The court was not
bound to exhaust its process against grand jurors before direct-
ing the sheriff to substitute bystanders to complete · the grand
jury list.

Appeal from Clay Circuit Court, Eastern District;
*R. E. L. Johnson,* Judge; affirmed.

*W. E. Spence,* for appellant.

*J. S. Utley,* Attorney General, and *Elbert Godwin,*
Assistant, for appellee.

McCULLOCH, C. J.   There were two indictments
against appellant, one in which he was charged with the
offense of keeping in his possession an unregistered still,
and the other in which he was charged with the offense
of selling intoxicating liquors.  The two cases were tried
together with his consent, and a verdict establishing his
guilt was rendered on each charge.  He filed a motion to
quash each of the indictments on the ground that there
was collusion between the prosecuting attorney, the clerk
of the court and the sheriff, to surreptitiously drop
the names of two of the alternates on the grand jury list
and to cause to be summoned in their stead two other
persons whose names were suggested by the prosecuting
attorney, and who were summoned by the sheriff and
placed on the grand jury.

The court overruled the motion to quash, and this
feature of the case is the only ground on which a re-
versal of the two judgments is sought.

The issue of fact presented in the motion was heard
by the court upon conflicting oral testimony, and the find-
ing of the court is therefore conclusive on this appeal.

Appellant introduced testimony tending to show that
the clerk did not ·call two of the names on the alternate
list of grand jurors, that one of the persons named was
in the court room at the time, and that when it ap-
peared to the court that there were two of the alternates
absent the sheriff was directed to summon two more for
jury · service, that he summoned two men whose names
were handed him by the clerk, and that they were the

names that had been previously suggested by the prosecuting attorney.

There was evidence tending to prove, however, that the clerk called the names of the two omitted veniremen, and that when they failed to respond two others were regularly summoned in their stead. In other words, there was evidence tending to show that the charges made in the motion to quash the indictments were unfounded.

The court record of the formation of the grand jury recites that the two names omitted were called, that the men failed to answer, and that the sheriff, under the direction of the court, summoned two bystanders, who were accepted by the court, and that the jury was thus regularly impaneled. The record does not recite that the two absent jurors were excused by the court, or that process was ordered for them, but that was not essential to a substitution of bystanders summoned by the sheriff under direction of the court. The court was not bound to exhaust its process against the absent jurors before completing the list of the grand jury.

Affirmed.